IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LAMONT E. FLEMING, JR.                    :

      Plaintiff                              :

      v.                                     :          Civil Action No. AMD-06-2374

KATHLEEN S. GREEN                         :

      Defendant                              :

...o0o...

MEMORANDUM

Now pending in this pro se action is defendant's motion to dismiss or for summary judgment. Paper No. 15. Despite being advised of his right to file an opposition to the motion and of the consequences of failing to do so, plaintiff has not opposed the motion. Upon review of the papers filed, the court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons that follow, the motion, construed as a motion for summary judgment, shall be granted.

Background

Plaintiff alleges that he was sexually assaulted on November 16, 2005, while incarcerated at Maryland Correctional Training Center (MCTC). Paper No. 1 at p. 4. Plaintiff reported to prison staff that a correctional officer forced him to perform oral sex on the officer while in the receiving area of MCTC. Paper No. 15 at Ex. 3, p. 3. He described his assailant as a short, dark-skinned male with a Department of Correction hat. He further asserts that a short, fat female served as a look-out during the assault. *Id*. After the reported assault, plaintiff was transferred to Maryland Correctional Adjustment Center (MCAC) on an emergency basis. Paper No. 1 at p. 4. Plaintiff alleges his security level was increased to medium security for no reason and that he was later transferred to

Eastern Correctional Institution (ECI) at that level.[1]  *Id*.  He asserts he was discriminated against based upon his sexual orientation and seeks 1.5 million dollars in damages.  *Id*.

Defendant admits plaintiff was transferred as a result of his allegation that he was sexually assaulted by a staff member. Paper No. 15 at Ex. 6. Defendant explains that there were six instances wherein plaintiff claimed he was sexually assaulted by either staff or another inmate. Each time the assault could not be substantiated or plaintiff recanted the claim. *Id*. Indeed, plaintiff claimed he was sexually assaulted by another inmate when he was transferred to ECI. *Id*. Correctional personnel believe that plaintiff's reports were false and made for the purpose of manipulating transfers to different prisons. *Id*. Plaintiff does not dispute that allegation, and signed a behavior contract agreeing, in part, not to make false reports of sexual assault.[2]  *Id*. at Ex. 9.

Standard of Review

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate.  *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d

---

[1]Plaintiff was later reclassified to minimum security status.

[2]The behavior contract addresses other manipulative behavior engaged in by plaintiff such as making false reports that he swallowed pills or razor blades; exaggerating or feigning medical conditions; and falsely stating an intent to harm himself. Paper No. 15 at Ex. 9. In exchange for plaintiff's compliance with the behavior contract, he was permitted to enter a drug treatment program required for a delayed parole release. *Id*.

139, 141

(4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The moving

party bears the burden of showing that there is no genuine issue of material fact. *See* Fed. R. Civ.

P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414

(4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable

inferences in favor of and construe the facts in the light most favorable to the non-moving party.

*See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998). A party who bears the

burden of proof on a particular claim must factually support each element of his or her claim. "[A]

complete failure of proof concerning an essential element . . . necessarily renders all other  facts

immaterial." *Celotex*, 477 U.S. at 323. Thus, on those issues on which the nonmoving party will

have the burden of proof, it is his or her responsibility to confront the motion for summary judgment

with an affidavit or other similar evidence. *Anderson*, 477 U.S. at 256.

Analysis

The Equal Protection Clause is "essentially a direction that all persons similarly situated

should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U. S. 432, 439 (1985)

(citation omitted). Plaintiff claims he was transferred to another prison and reclassified to a higher

security because he is homosexual. Paper No. 1. Sexual orientation is not a suspect criterion;

therefore, the alleged discriminatory conduct must only serve a legitimate state interest. *See Moss

v. Clark*, 886 F. 2d 686, 690 (4th Cir. 1989). There is no evidence in this record that any actions were

taken against plaintiff based on his status as a homosexual. Rather, plaintiff was transferred because

of the serious nature of his allegations and the increase in his security level was temporary, causing

him no cognizable injury.  Moreover, there is evidence that plaintiff's manipulative practices merited

the action taken by defendant resulting in a temporary increase in his security status.  Accordingly,

defendant is entitled to summary judgment. A separate order follows.


Filed: April 26, 2007                              ___/s/_____

                                                   Andre M. Davis
                                                   United States District Judge